UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BROTHERS MEDIA GROUP,
LLC, etc.,

      Plaintiff,

v.                                CASE NO. 3:17-cv-1111-J-32JBT

DAVID SANDERS, an individual,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 7) and Plaintiff's Response thereto (Doc. 11). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 19.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** as to Count I and **DENIED without prejudice in part** as to Counts II and III, that Count I of the Complaint (Doc. 1) be **DISMISSED without prejudice**, and that Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

an amended complaint in accordance herewith.

## I. Background

According to the Complaint, Defendant was employed by Plaintiff as a Regional Sales Manager from March 2017 to August 2017, during which time he performed his job duties using a company-issued laptop computer. (Doc. 1 at 2–3.) As a condition of his employment, Defendant entered into a Non-Disclosure and Confidentiality Agreement which provided in part and in general that all work product and devices in Defendant's possession were Plaintiff's property, and must be returned to Plaintiff upon termination of Defendant's employment for any reason. (*Id.* at 7.)

When Defendant's resignation from his position was accepted, he was instructed to return the company-issued laptop to Plaintiff within five days. (*Id.* at 3–4.) Following several requests from Plaintiff, Defendant returned the laptop, which was received by Plaintiff approximately four weeks after Defendant resigned. (*Id.*) Upon inspection, Plaintiff determined that, after his resignation, Defendant had deleted all of the work files on the laptop, emptied the recycle bin so that the documents and data could not be recovered, and wiped the hard drive clean. (*Id.* at 5.) Plaintiff alleges that, by virtue of this conduct, "Defendant has intentionally and without authorization destroyed property that belonged to Plaintiff . . . ." (*Id.*) Plaintiff now brings the following causes of action: Count I - Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5) ("CFAA"); Count II - Conversion; and Count III - Breach of

Contract. (*Id.* at 5–8.) Defendant moves to dismiss the Complaint in its entirety for failure to state a claim. (Doc. 7.)

**II.     Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to state a claim upon which relief can be granted. In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Iqbal*, 556 U.S. at 678. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss."

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

**III.    Analysis**

The undersigned recommends that Count I be dismissed without prejudice because Plaintiff has failed to sufficiently allege that it suffered a loss of $5,000 or

more in a one-year period as required to bring a civil action under the CFAA in this case.  Because the CFAA claim is the only basis pled for federal jurisdiction, the undersigned further recommends that the Court need not address Plaintiff's state law claims (Counts II and III) at this time.[2]

Generally, the CFAA is a criminal statute, but it also provides for a civil cause of action in favor of "[a]ny person who suffers damage or loss by reason of a [statutory] violation."  18 U.S.C. § 1030(g).  However, a civil action may be brought only if the conduct involves certain factors set forth in the CFAA, including "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value."  18 U.S.C. § 1030(c)(4)(A)(i)(I), (g).  The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."  18 U.S.C. § 1030(e)(11).  The CFAA separately defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

In Count I, Plaintiff alleges generally that by accessing the laptop after his

---

[2] Aside from the allegations in Count I addressed herein, the undersigned expresses no opinion as to the sufficiency of Plaintiff's claims.  Therefore, if this Report and Recommendation is adopted, Defendant's additional arguments in the Motion may be raised, if appropriate, in response to Plaintiff's amended complaint.

resignation, deleting the subject work files, and "destroying" the hard drive, Defendant violated 18 U.S.C. § 1030(a)(5), which provides for liability against one who:

> (A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
>
> (B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
>
> (C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

(Doc. 1 at 5–6.)[3]  Defendant argues in part that Count I should be dismissed because Plaintiff has failed to sufficiently allege loss within the meaning of the CFAA. (Doc. 7 at 4.)

Regarding loss, Plaintiff alleges that Defendant "maliciously and recklessly caused damage and loss to Plaintiff that exceeds $5,000 in a one-year period." (Doc. 1 at 6.)  This conclusory allegation that improperly lumps together loss and damage, which are defined separately under the CFAA, is insufficient.  The only

---

[3] It is unclear under which subsection(s) Plaintiff is attempting to state a claim. Plaintiff should clarify which specific subsection(s) is at issue in any amended complaint. Additionally, Plaintiff alleges that Defendant acted "without authorization" and that he "exceeded his authorized access." (Doc. 1 at 5–6.)  However, in order to violate section 1030(a)(5), a defendant must act "without authorization."  See 18 U.S.C. § 1030(a)(5). Therefore, any allegations in Count I that Defendant "exceeded his authorized access" are irrelevant and should be removed.  Plaintiff should only plead facts supporting its allegation that Defendant acted "without authorization" as required by the statute.

other allegation that is arguably relevant to Plaintiff's loss is as follows: "Upon receipt of the laptop, [Plaintiff] inspected the computer and determined that Defendant had deleted all his work files, emptied the recycled bin so that the documents and data could not be retrieved, and wiped the hard drive clean."  (*Id.* at 5.)  However, the undersigned cannot reasonably infer from this single allegation that Plaintiff incurred at least $5,000 in loss, i.e. reasonable costs "including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense."  18 U.S.C. § 1030(e)(11).  Moreover, Plaintiff has not alleged "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."  *Id.*

In its Response, Plaintiff acknowledges that "as a threshold matter, a plaintiff . . . must show 'loss' before being able to seek damages under the [CFAA]."  (Doc. 11 at 5.)  However, Plaintiff argues only that it has sufficiently alleged damages.  (*Id.* at 6.)  Plaintiff does not specifically address its allegations regarding loss in the Response.

At least one court in the Middle District of Florida has held that conclusory allegations regarding loss are insufficient to bring a claim under the CFAA.  As stated by that court:

> Based on the lack of factual content in the Complaint suggesting that Plaintiffs investigated, responded to, or corrected damage from Defendant's alleged violation of the CFAA and that these corrective efforts cost Plaintiffs at least $5,000, the Court cannot conclude that Plaintiffs

7

> have raised their losses above a speculative level. . . .
>
> Plaintiffs also do not allege any interruption of service, thus precluding costs, lost revenue, or other damages resulting from such an interruption.  For these reasons, Plaintiffs have failed to sufficiently allege that they have incurred losses equal to or greater than $5,000 as a result of Ms. Soderstrom's alleged violation of the CFAA.

*See Stirling Int'l Realty, Inc. v. Soderstrom*, Case No. 6:14-cv-1109-Orl-40TBS, 2015 WL 403318, at * 3 (M.D. Fla. Jan. 28, 2015) (dismissing the CFAA claim without prejudice).  The undersigned recommends that the reasoning in this case is persuasive.

Therefore, the undersigned recommends that Count I be dismissed without prejudice to Plaintiff filing an amended complaint in accordance herewith.  Because the CFAA claim is the only basis pled for federal jurisdiction, the undersigned further recommends that the Court need not address at this time Plaintiff's state law claims (Counts II and III), which may ultimately be dismissed without prejudice to re-filing in state court if the CFAA claim is not sufficiently re-pled.[4]  *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").[5]

---

[4] Nevertheless, Plaintiff may also amend its state law claims if it so desires.

[5] Although Defendant has asserted a federal counterclaim (Doc. 18), "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 7**) be **GRANTED in part** as to Count I and **DENIED without prejudice in part** as to Counts II and III.

2. Count I of the Complaint (**Doc. 1**) be **DISMISSED without prejudice**.

3. Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith, and Defendant be given fourteen days from such filing to respond to it.

**DONE AND ENTERED** at Jacksonville, Florida, on May 30, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record